WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Goelz, | No. CV-03-1290-PHX-SRB |
| Plaintiff, | **ORDER** |
| vs. | |
| Winnebago Industries, Inc., Freightliner Custom Chassis Corporation, | |
| Defendants. | |

Following the Court's entry of summary judgment in favor of Defendant Freightliner Custom Chassis Corporation ("Freightliner"), Freightliner now applies for Attorneys' Fees (Doc. 167) and Entry of Judgment (Doc. 169). Plaintiff Michael Goelz has filed a motion to extend the time to file a notice of appeal (Doc. 180).

**I.     ATTORNEYS' FEES**

Freightliner argues that it is entitled to attorneys' fees under Arizona Revised Statutes § 12-341.01(A), which states that, "in any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Because, according to Freightliner, this action is based upon its alleged failure to fulfill the terms of warranties, both written and implied, the Arizona statute applies, and Freightliner is entitled to attorneys fees.

Plaintiff responds that the statutory basis of this action is the Magnuson-Moss Warranty Act ("MMWA"), a statute that creates a federal private cause of action in favor of

1   consumers for a warrantor's failure to comply with the terms of a written or implied warranty.
2   15 U.S.C. § 2310(d)(1); *Milicevic v. Fletcher Jones Imports, Ltd.,* 402 F.3d 912, 917 (9th
3   Cir. 2005); *Plagens v. Nat'l RV Holdings,* 2005 WL 1353936, at *1 (D. Ariz. June 6, 2005).
4   Plaintiff contends that when an action is brought pursuant to the MMWA, a state law
5   attorneys' fees statute is inapplicable. *Plagens,* 2005 WL 1353936, at *1 (holding that where
6   action was brought exclusively under the MMWA and the district court had granted the
7   defendant's motion for summary judgment, the defendant could not seek attorneys' fees under
8   A.R.S. § 12-341.01(A)).

9   Freightliner does not contest the holding in *Plagens,* but instead argues that Plaintiff's
10  "action was not solely based on MMWA, which is why Freightliner's Motion for Summary
11  Judgment had to deal with state law contract and warranty claims."   (Freightliner's
12  Application for Attorneys' Fees at 3.)

13  Freightliner is incorrect.  The entirety of the action against Freightliner was premised
14  upon the MMWA.  The portion of the Second Amended Complaint that sets forth the causes
15  of action against Freightliner begins by stating, "Wherefore pursuant to 15 U.S.C. § 2310(d)
16  [the provision of the MMWA authorizing a federal private right of action], [Plaintiff] prays
17  for relief against [Freightliner]."  (Second Am. Compl. ¶ 30.)  The Complaint then lists five
18  causes of action against Freightliner, one for breach of written warranty, two for implied
19  warranties and two for violations of substantive provisions of the MMWA.

20  The fact that certain causes of action in the Complaint looked to state substantive law
21  does not alter the fact their statutory basis was the MMWA.  *See, e.g., Haughland v.*
22  *Winnebago Indus., Inc.,* 327 F. Supp. 2d 1092, 1097 (D. Ariz. 2004) ("[I]mplied warranty
23  claims asserted in an MMWA action are interpeted solely under state law"); *Plagens v.*
24  *National RV Holdings,* 328 F. Supp. 2d 1068, 1072-73 (D. Ariz. 2004) ("[S]tate warranty law
25  lies at the base of all warranty claims under [the MMWA]."); *Walsh v. Ford Motor Co.,* 807
26  F.2d 1000, 1012 (D.C. Cir. 1986); *Voelker v. Porsche Cars of North Am., Inc.,* 353 F.3d 516,
27  525 (7th Cir. 2003); *Abraham v. Volkswagon of Am., Inc.,* 795 F.2d 238, 247-49 (2d Cir.
28  1986); *Bailey v. Monaco Coach Corp.,* 350 F. Supp. 2d 1036, 1040 (N.D. Ga. 2004).

1  Finally, the Court notes that it agrees with the holding in *Plagens* that where an action
2  is premised upon the MMWA, parties cannot look to a state's attorneys' fees statute. The
3  MMWA contains its own attorneys' fees provision, which allows recovery only to a
4  successful consumer, not a successful warrantor. 15 U.S.C. § 2310(d)(2) ("If a consumer
5  finally prevails in any action brought under [15 U.S.C. § 2310(d)(1)], he may be allowed by
6  the court to recover as part of the judgment a sum equal to the aggregate amount of cost and
7  expenses (including attorneys' fees . . . ) determined by the court to have been reasonably
8  incurred by the plaintiff . . . "). Accordingly, Freightliner is not entitled to attorneys' fees.

## II.  PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Plaintiff asks the Court for an extension of time to file its appeal until after the Court has decided Freightliner's motion for attorneys' fees. Plaintiff's motion is denied as moot, as judgment is only just now being entered.

**IT IS ORDERED** denying Freightliner's Application for Attorneys' Fees (Doc. 167).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion for Extension of Time to File a Notice of Appeal (Doc. 169).

**IT IS FURTHER ORDERED** directing the Clerk to enter Judgment in favor of Freightliner and against Plaintiff.

DATED this 21st day of November, 2005.

_____
Susan R. Bolton
United States District Judge